IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Docket No.:_____

| | |
|---|---|
| LISA J. GILLARD<br>an individual<br><br>Plaintiff,<br><br>v.<br><br>THE PRESIDENT AND FELLOWS<br>AT HARVARD COLLEGE,<br>a nonprofit education corporation,<br><br>Defendant. | JUDGE:<br><br>**PLAINTIFF'S VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

PLAINTIFF'S VERIFIED COMPLAINT

Plaintiff, LISA J. GILLARD, on her own behalf for her Verified Complaint against the defendants, THE PRESIDENT AND FELLOWS AT HARVARD COLLEGE, states:

A. Parties

1.  Plaintiff, LISA J. GILLARD, is an individual who is a citizen of the United States of America and a resident of the state of Illinois.

2.  Defendant, THE PRESIDENT AND FELLOWS AT HARVARD COLLEGE is a private, independent a nonprofit research and education institution located in Cambridge, Massachusetts, is chartered under Chapter 180 of the General Laws of the Commonwealth of Massachusetts, is able to sue and be sued under ALM GL ch. 180, § 6 (2007) and ALM GL ch. 156B, § 9 (2007), and whose agent for service of process is Drew G. Faust, President, 1350 Massachusetts Avenue, Massachusetts Hall, Cambridge, MA 02138-3848.

### B. Jurisdiction

3.  This action raises federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C., § 2000 *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 631 (a); the Age Discrimination Act of 1975 (the Act), 42 U.S.C., § 6101; and the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C., §§ 12111-12117. These claims are properly challenged pursuant to the federal law, particularly 28 U.S.C., § 1331 and 42 U.S.C., § 2000 c-5 (f).

### C. Venue

4.  Venue is proper in the United States District Court of Massachusetts under 28 U.S.C., § 1391 (b) (1) and (2) and 42 U.S.C., § 2000e-5 (f) (3) because THE PRESIDENT AND FELLOWS AT HARVARD COLLEGE is located and reside in this district and the employment and educational practices alleged herein were unlawfully committed within this district.

### D. Exhaustion of Administrative Procedures

5.  On or about February 27, 2014, Plaintiff filed a timely complaint with the Massachusetts Commission Against Discrimination (herein MCAD).

6.  On or about September 29, 2014, MCAD issued the Plaintiff a letter stating that the Commission is unable to conclude that the information obtained establishes a violation of statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint (a copy of which is attached and incorporated herein).

### E. Facts

7. Plaintiff is an Afro American female citizen over the age of forty years old with a legally protected cognitive disability, Attention Deficit Disorder (ADD) and dyslexia, which is a visual reading encoding disorder.

8. Plaintiff is a high school graduate, a college graduate with a B. A. in Arts and Humanities at Columbia College Chicago (CCC), a professional graduate with a M.A. in English at the University of Illinois at Chicago (UIC), along with some advanced graduate studies under the C.A.G.S. Program at Bridgewater State University in Massachusetts.

9. Plaintiff is also an active practitioner of Zen Buddhism, and she is a published writer.

10. Plaintiff is the Founder, President, CEO, and Executive Director at THE GILLARD INSTITUTE, INC., worldwide, a lauded nonprofit public charity organization and its subsidiary entities include, as follows: Building Bridges Connecting Lives Commentary, 2020 VISION: The International Corporal Punishment Ban Policy Summit and Programs, International Corporal Punishment Ban Policy 2020 Newsletter, and a host of other programs and summits under its 2020 VISION: World Peace and Universal Love Campaign, Program and Summits with headquarters in Chicago, Illinois and a regional location in Houston, Mississippi.

11. Plaintiff is the creator, developer, and chief organizer of the 2020 VISION: The Corporal Punishment Ban Act of 2016 with nineteen states leaders in the United States of America.

12. Plaintiff is also the Founder, CEO and President of the newly established L. Jacqueline Gillard Films and Entertainment Company, located in Chicago, Illinois.

13. Plaintiff is a life-long and fourth generation community organizer, educational leader, and concerned citizen in the areas on arts, education, mental health reform and human life activism.

14. Plaintiff sought employment from 2013 through 2014 at Defendant's educational institution, which every employment application was timely received but immediately denied.

15. Plaintiff sought employment from 2013 through 2014 at Defendant's law school, in order to assist and to aid in her law school applications for potential law school admissions, despite known age and disability concerns.

16. Plaintiff also sought law school admissions from 2013 through 2014 at Defendant's law school, which both applications were denied allegedly because of her lack qualifications for her twice denied applications for entrance and admissions into the law school.

### F. Count One
### Discrimination Under Title VII
### Civil Rights Act of 1964, 42 U.S.C., § 2000 et seq.

17. Plaintiff incorporates the allegations contained in Paragraphs 1 through 16.

18. Plaintiff is a member of a protected class for employees under 42 U.S.C., § 2000e (f).

19. Defendants are employers under 42 U.S.C., § 2000e (b).

20. Plaintiff has sincerely applied for employment and law school admissions in good faith in pursuant to federal rules and regulations as a matter of principle.

21. Defendants have wrongfully discriminated against Plaintiff under Title VII Civil Rights Act of 1964, 42 U.S.C., § 2000 et seq.

22. Defendants actions were willful and intentional, and with malice or purposeful indifference as to violate Plaintiff's legally-protected civil and human rights.

### G. Count Two
### Discrimination Under Age Discrimination
### in Employment Act, 29 U.S.C. § 631 (a)

23. Plaintiff incorporates the allegations contained in Paragraphs 1 through 16.

24. Plaintiff is a member of a protected class for employees under 29 U.S.C., § 631 (a).

25. Defendants are employers under 29 U.S.C., § 631 (a).

26. Plaintiff has sincerely applied for employment and law school admissions in good faith in pursuant to federal rules and regulations as a matter of principle.

27. Defendants have wrongfully discriminated against Plaintiff under the Age Discrimination in Employment Act (ADEA), 29 U.S.C., § 631 (a).

28. Defendants actions were willful and intentional, and with malice or purposeful indifference as to violate Plaintiff's legally-protected civil and human rights.

### H. Count Three
### Discrimination Under Age Discrimination Act
### of 1975 (the Act), 42 U.S.C., § 6101

29. Plaintiff incorporates the allegations contained in Paragraphs 1 through 16.

30. Plaintiff is a member of a protected class for employees under 42 U.S.C., § 6101.

31. Defendants are employers under 42 U.S.C., § 8101.

32. Plaintiff has sincerely applied for employment and law school admissions in good faith in pursuant to federal rules and regulations as a matter of principle.

33. Defendants have wrongfully discriminated against Plaintiff under the Age Discrimination Act of 1975 (the Act), 42 U.S.C., § 8101.

34. Defendants actions were willful and intentional, and with malice or purposeful indifference as to violate Plaintiff's legally-protected civil and human rights.

5

## I. Count Four
### Discrimination Under Americans with Disabilities Act of 1990 and the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C., §§ 12111-12117

35. Plaintiff incorporates the allegations contained in Paragraphs 1 through 16.

36. Plaintiff is a member of a protected class for employees under 42 U.S.C., § § 12111-121117.

37. Defendants are employers under 42 U.S.C., § § 12111-121117.

38. Plaintiff has sincerely applied for employment and law school admissions in good faith in pursuant to federal rules and regulations as a matter of principle.

39. Defendants have wrongfully discriminated against Plaintiff under the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C., §§ 12111-12117.

40. Defendants actions were willful and intentional, and with malice or purposeful indifference as to violate Plaintiff's legally-protected civil and human rights.

## J. Damages

41. Plaintiff has suffered the following injuries as a direct result and proximate cause of Defendants' discriminatory actions, as follows:

   (a) Injury to professional and personal reputation, and future employment opportunities;

   (b) Severe economic loss and hardships and future economic loss to present date; and

   (c) Mental anguish and emotional distress due to the annoyance, hindrance, and educational and research delay.

### K. Attorney's Fees

42. Plaintiff is entitled to attorney's fees and cost in pursuant to federal rules of procedure.

### L. Prayer for Relief

43. WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

   (a) Declare the Defendants' discriminatory actions, as described in this complaint, violated Plaintiff's civil and human rights as guaranteed by federal law;

   (b) Award punitive damages, which includes remedy and restitution in the exact net amount of one hundred and twenty five ($125) million dollars to Plaintiff;

   (c) Award attorney fees, litigation expenses and costs to Plaintiff;

   (d) Award an immediate injunction for Summer Quarter 2016 admissions at the Defendant's Harvard Law School (HLS) to Plaintiff;

   (e) Award full tuition fees, books and supplies, lap top computer, and health insurance cost waivers to Plaintiff;

   (f) Award free on campus housing and meal plans, and a monthly national and international travel voucher to Plaintiff;

   (g) Award an option to take first year and core bar exam exit exams in order to graduate in the Summer Quarter of 2018 to Plaintiff;

   (h) Grant other such and further relief as this Court shall deem equitable and just.

## JURY DEMAND

Plaintiff, LISA J. GILLARD, hereby demands a trial by jury on all of the issues so triable pursuant to her rights under the Seventh Amendment of the United States Constitution in accordance to the Federal Rule of Civil Procedure 39.

Respectfully submitted on this 16th day of November, 2015.

*/s/ Lisa J. Gillard*
Lisa J. Gillard
Pro Se Plaintiff
THE GILLARD INSTITUTE, INC.
PO Box 805993
Chicago, IL 60680-4121
USA
lisajgillard@gmail.com

## PLAINTIFF'S VERIFICATION

This undersigned, being duly sworn, deposes and states that I am the Plaintiff herein, and have read the foregoing Verified Complaint field on my behalf, which I declare the facts to be true to the best of my knowledge, intentions, and belief.

By: */s/ Lisa J. Gillard*
Print Name: LISA J. GILLARD

The foregoing was sworn to, subscribed and acknowledged before me on the 16th day November, 2015 ~~who is personal known~~ or who has produced a driver's license or identification and who take oath.

"OFFICIAL SEAL"
DAVID J. KRANICKE
Notary Public, State of Illinois
My Commission Expires July 10, 2016
Commission No. 338762

Notary Public: /s/
Print Name: DAVID J. KRANICKE
Date: November 16, 2015

## SERVICE

I, hereby, certify that a true copy of the Plaintiff's Verified Complaint against The President and Fellows at Harvard College was served first-class mail, postage prepaid on November 16, 2015.

Robert M. Farrell
Clerk of the Court
1 Courthouse Way
Boston, MA 02210
USA

Drew G. Faust
Harvard University
1350 Massachusetts Avenue
Cambridge, MA 02138
USA

Date: November 16, 2015

/s/ *Lisa J. Gillard*

8

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

SEP 2 9 2014

## - DISMISSAL and NOTIFICATION of RIGHTS -

| To: | Lisa J. Gillard | Case: Lisa J. Gillard v. Harvard Law School |
|---|---|---|
| | The Gillard Institute, Inc. | MCAD Docket Number: 14BED00432 |
| | P.O. Box 805993 | EEOC Number: |
| | Chicago, IL 60680 | Investigator: Janet Cha |

Your complaint has been dismissed for the following reasons:

[ ] The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ] Respondent employs less than the required number of employees.

[ ] Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ] The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[X] The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ] Other (briefly state)

### - NOTICE of APPEAL -

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. **Attention: Nancy To.**

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____          9/28/14
Sunila Thomas-George                    Date
Investigating Commissioner

MCAD Docket Number 14BED00432, Dismissal and Notification of Rights with Appeal          Page 1
Rights