UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA J. GILLARD,<br>      Plaintiff,<br><br>      v.<br><br>THE PRESIDENT AND FELLOWS AT HARVARD COLLEGE,<br>      Defendant. | )<br>)<br>)<br>)<br>)   C.A. No.  15-13944-LTS<br>)<br>)<br>)<br>) |

ORDER ON PENDING MOTIONS

SOROKIN, D.J.

On November 24, 2015, *pro se* plaintiff Lisa A. Gillard filed a complaint accompanied by motions to proceed *in forma pauperis* and for waiver of the service of summons.  See Docket. On January 26, 2016, Gillard filed a motion for default judgment.  See Docket No. 7.

The Court's records indicate that the instant action was commenced less than one month after the dismissal of *Gillard v. The President and Fellows at Harvard College*, C.A. No. 15-10052-LTS (dismissed Oct. 30, 2015).   In the earlier action, Gillard was advised of the deficiencies in her financial disclosures and was given several opportunities to file a detailed statement explaining how she supports herself and the financial disclosures of any persons who would ordinarily provide her with the necessities of life.  Due to Gillard's unwillingness to provide the information sought, the Court inferred that she may not qualify for a waiver of the filing fee and denied her third motion for reconsideration.

Now, to the extent the instant Application to Proceed in District Court Without Prepaying Fees or Costs ("Application")  seeks reconsideration of prior orders of this Court, no such orders have made in this civil action and thus the request (Docket No. 2 at page 3) is denied as moot. More significantly, the Court has reviewed the Application (Docket No. 2 at pages 1-2) and finds that it is incomplete.  Although Gillard states that she has received donations in the past twelve months, she failed to state the amount she received and what she expects to receive in the future.

This is very same issue as arose in the prior case.

Accordingly, the Court finds that Gillard has failed to sufficiently demonstrate to this Court that she or the person(s) who support her are without sufficient funds to pay the filing fee. After closing reviewing Gillard's most recent Application to Proceed in District Court Without Prepaying Fees or Costs, the Court is unable to determine whether she is indigent within the meaning of the *in forma pauperis* statute.

The Court will provide one opportunity for Gillard to seek *in forma pauperis* status. If Gillard seeks to renew her request, she shall submit a new Application accompanied by a detailed statement explaining how she supports herself and the financial disclosures of any persons who would ordinarily provide her with the necessities of life.

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Application (#2) to Proceed in District Court Without Prepaying Fees or Costs is DENIED as incomplete. Gillard shall either (1) pay the $400.00 filing and administrative fees; or (2) file a new Application to Proceed in District Court Without Prepaying Fees or Costs accompanied by a detailed statement explaining how she supports herself and the financial disclosures of any persons who would ordinarily provide her with the necessities of life. Failure of plaintiff to comply with this directive, within 21 days of the date of this Order, will result in the dismissal of this action without prejudice. The clerk shall send Gillard a blank Application form;

2. Plaintiff's Motion (#3) to Waive Service is DENIED WITHOUT PREJUDICE as the filing is not signed by a representative of the defendants; and

3. Plaintiff's Motion (#7) for Default Judgment is DENIED WITHOUT PREJUDICE as Plaintiff has not established either service or waiver of service.

SO ORDERED.

 February 2, 2016   /s/ Leo T. Sorokin
DATE LEO T. SOROKIN
UNITED STATES DISTRICT JUDGE